IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-113

JUSTIN BEAL,

        Plaintiff,

v.

NORTH CAROLINA DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, DIVISION OF STATE
OPERATED HEALTHCARE
FACILITIES, BLACK MOUNTAIN
NEURO-MEDICAL TREATMENT
CENTER,

        Defendant.

**QUALIFIED PROTECTIVE ORDER**
**Fed. R. Civ. P. 26(c)**

THIS MATTER comes before the Court pursuant to a joint motion by the parties for a Qualified Protective Order, and the Court having considered the Motion and other matters of record herein, and it appearing to the Court and the Court finding that the plaintiff has filed a Complaint in this action alleging that defendant has violated the Americans with Disabilities Act, and it further appearing to the Court and the Court finding that given the nature of the issues in dispute in this matter, that future discovery or other litigation activity may require the disclosure or use of information and documentation which contains: (1) confidential personnel files of or relating to employees of the State of North Carolina and defendant disclosure of which is prohibited by N.C.G.S. § 126-22; (2) private and confidential information regarding the health of plaintiff, North Carolina

1

residents, their receipt of public assistance and Medicaid benefits, as well as protected health information as that term is defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936 (1996) as implemented by federal regulation 45 C.F.R. § 164.501 et seq. and the disclosure of which is also prohibited by N.C.G.S. § 122C-52, N.C.G.S. § 143B-139.6, N.C.G.S. § 108A-80 and other applicable authority; (3) financial information such as tax records, payments, or income; and (4) personnel records, including financial, benefit, and other records, from plaintiff's current employer; and (5) other sensitive information that is not available publicly. It further appearing to the Court that the interests of justice require that any such confidential personnel information, and any such personal, confidential and protected information regarding health information and treatment or Medicaid recipients which may be produced during discovery or otherwise disclosed or used during the course of this action be protected and that all applicable privacy rules regarding protected health and other confidential information as required by HIPAA and by applicable State law be observed and enforced.

**IT IS, THEREFORE, ORDERED** with the consent of the parties that a Qualified Protective Order be entered for the purposes of assuring the confidentiality of all personal and protected information which may be disclosed by the parties by consent, in response to discovery, in response to orders of the court, in conjunction with the filing of any motion or response thereto, or otherwise during the course of this matter as follows:

1. The types of records and information subject to this order include all documents disclosed which contain protected personnel information, private information,

confidential information or protected health information including but not limited to the disclosure of information regarding certain Medicaid recipients. The information and documentation to be disclosed includes, but is not limited to, dates of service, assessments, service plans, treatment and diagnosis, medical records, recipient identities and Medicaid records and summaries regarding the same.

2. As used in this Qualified Protective Order the terms "confidential," "confidential personnel file," "private information," "confidential information," and "protected health information" are synonymous and include any information disclosed by a party or party's counsel to any other party, counsel of record, or the Court during the course of proceedings in this action ("disclosed") which contains personal identifiers for any recipient of public assistance or the personal health information, both physical and mental, of any such recipient or other patient. "Personal identifiers" include, but is not limited to, information such as a recipient's name, address, date of birth, Social Security number, or any other information from which the recipient's identity may be ascertained.

3. "Confidential Information" that is disclosed as that term is defined in paragraph 2 above, shall be used by the party or counsel for the party only for purposes of this action, including testimony, briefs, memoranda of law or other filings in connection with this action.

4. Access to, or use of, any documents and information which are protected by this Order shall be limited to the parties of record hereto and to counsel of record for the parties, including associates and staff, personnel and witnesses of the parties whose review and knowledge is necessary to prepare this case for trial or appeal, to any person from

whom testimony is taken in this action except that such person shall previously agree to be bound by this Order and such testimony shall be protected by this Order, and to officers and officials of this Court including judges, clerks and court reporters.

5. If any person not already bound by law and/or position to maintain confidentiality of such information is given access to confidential documents or information, and before access is given to such confidential information or documents, counsel who wishes to provide the documents to said person shall first inform such person of this Order and require such person to acknowledge that he or she understands the terms of this Order and agrees to abide by them. In the case of a witness at trial, it shall be sufficient for the witness to acknowledge the order on the record. It shall not be necessary to repeat the process each time the witness is shown additional confidential documents.

6. Each person given access to confidential documents or information pursuant to this Order shall keep such material strictly secure and shall refrain from disclosing in any manner any information except as provided by this Order.

7. Upon conclusion of this action, including all appeals, the provisions of this Order shall continue to be binding upon all persons granted access under the terms of this Order. Within sixty (60) days of the conclusion of this action, including all appeals, all confidential documents subject to this Order and all notes, summaries, copies and extracts from such documents shall be returned to the producing party or such confidential and protected material shall be destroyed by the party in receipt thereof, except with respect to (a) material that becomes part of the Court record in this matter, (b) work product of counsel, and (c) transcripts, exhibits, and other documents required to be maintained by

counsel for the parties as necessary for an understanding of the outcome of the case, provided that all such material is maintained in accordance with the provisions of this Protective Order..

8. Nothing in this Order shall preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of the documents and information. Nothing in this Order shall limit a party or its counsel from use as otherwise allowed by law of its own documents or information or any documents or information obtained outside this action.

9. To the extent that confidential information is contained in or attached to materials filed with this court or a reviewing court, such materials shall be either redacted or filed under seal and maintained in a secure location. No one other than those authorized by this Order shall have access to such sealed materials.

10. Parties shall attempt informally to resolve disputes regarding the confidentiality of information pursuant to this Order, and if informal resolution is not obtained, shall apply to the undersigned or other appropriate judicial officer for a ruling on the dispute. Confidentiality shall be maintained until the dispute is resolved.

11. At any time prior to a final disposition of this case, any party may file a request to exempt specific documents from this Order. Documents shall be kept confidential until such time as a ruling is obtained on the request for exemption.

12. Plaintiff does not want his current employer contacted or subpoenaed by defendant without consent or leave of court, and defendant and its counsel agree to seek plaintiff's consent or leave of court before issuing such subpoena.

12. A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Judge or other appropriate judicial official as authorized by any statute, rule or inherent power retained or provided by law.

13. The provisions of this Order shall survive and remain in full force and effect after the entry of a final disposition (including any appellate proceedings) in this matter, whether by settlement or litigation. This court retains jurisdiction both before and after the entry of final disposition of this matter (whether by settlement or litigation) to construe, enforce and amend the provisions of this Order.

Signed: February 13,

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge