# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 113

| | |
|---|---|
| JUSTIN BEAL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>N.C. DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, *Division* )<br>*Of State Operated Healthcare* )<br>*Facilities Black Mountain* )<br>*Neuro-Medical Treatment Center,* )<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the Court *sua sponte*.

A Pretrial Order and Case Management Plan was entered in this matter on August 30, 2017 (Doc. 14) which, in part, directed the parties to complete a mediated settlement conference by May 15, 2018.

On the day of the deadline – May 15, 2018 – the parties filed a Joint Motion for Extension of Time to Complete Mediation (Doc. 18) requesting that the mediation deadline be extended to June 15, 2018.

The Joint Motion was granted by an Order entered the following day. (Doc. 19).

By August 7, 2018, a report regarding the outcome of mediation had not been submitted and therefore the Court instructed that such notice be filed by August 17, 2018. (Doc. 20).

Status reports from the mediator followed on August 17, 2018 (Doc. 21) and on August 31, 2018 (Doc. 22).

A Report of Mediator was filed on September 29, 2018 and advised that counsel for the parties had reported to the mediator on September 28, 2018 that a settlement had been reached. The Report further indicated that the mediator was in the possession of a Mutual Release and Settlement Agreement that had been executed by Plaintiff and was awaiting execution by an official on behalf of Defendant. Further, Defendant's counsel had confirmed to the mediator that the case had been settled on the terms reflected in the agreement. Finally, the Report stated that a Stipulation of Dismissal with Prejudice would be executed by counsel and filed with the Court. (Doc. 23).

On October 1, 2018, an electronic notice was distributed advising the parties that an agreement for entry of judgment or a stipulation of dismissal was to be filed within 30 days.

On the day of the deadline – October 31, 2018 – the parties filed a Joint Motion for Extension of Time to File Stipulation of Dismissal (Doc. 24). The motion reported that "Defendant experienced some administrative delays in getting the agreement signed and implementing the terms of the agreement" but that the parties believed those issues had been resolved. The parties requested an additional thirty days within which to file a stipulation of dismissal.

On November 5, 2018, the undersigned granted the Joint Motion. (Doc. 25).

The parties, however, did not make any filings by the extended deadline of December 5, 2018.

Therefore, on January 10, 2019, the Court directed the parties to file a stipulation of dismissal or other closing document on or before January 22, 2019. (Doc. 26). The Order of that date expressly stated that failure to make such a filing would result in the dismissal of this matter without prejudice.

As of the date of this Order, the parties have not filed a stipulation of dismissal or any other type of closing documentation. They have likewise made no other filing to explain why they have not complied with the Court's directive.

Counsel for Plaintiff did place a telephone call to chambers and spoke briefly with one of the undersigned's law clerks, advising that Defendant has failed to make a payment that is required by the terms of the parties' agreement. As this communication concerned a specific issue in a pending case and was not made jointly with defense counsel (or even represented as being made on behalf of or with the consent of Defendant's counsel), it is not viewed favorably. Further, it does not constitute compliance with the deadline set by the Court.

Though immediate dismissal is warranted, the undersigned finds that, to the extent Plaintiff seeks relief or complains about the conduct of Defendant, such position should be stated on the record, with Defendant being given an opportunity to respond.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff is allowed a period of 7 days from the entry of this order to submit any report, motion, or other filing Plaintiff deems appropriate.

2. Defendant is allowed a period of 7 days from the date of Plaintiff's filing in which to respond.

3. No reply will be allowed.

4. Any filing made by either party shall be no longer than 5 pages.

Signed: February 11, 2019

W. Carleton Metcalf
United States Magistrate Judge