# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 113

| | |
|---|---|
| JUSTIN BEAL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| N.C. DEPARTMENT OF HEALTH | )      ORDER |
| AND HUMAN SERVICES, *Division* | ) |
| *Of State Operated Healthcare* | ) |
| *Facilities Black Mountain* | ) |
| *Neuro-Medical Treatment Center,* | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court upon the parties' Joint Status Report (Doc. 28) filed on February 18, 2019.

Though a long time in coming, the submission of the Joint Report is a welcomed development and provides the Court with a more complete picture of the current status of the parties' settlement. The undersigned is glad to hear that counsel have been communicating regularly. Further, the undersigned is now fully satisfied that the previous contact by Plaintiff's counsel with chambers was undertaken with the proper spirit and motive, and otherwise is not surprised that defense counsel advises "Plaintiff's counsel has been professional, forthright and patient. . . ."

The uncertain status of the case on the Court's docket, however, remains an issue. Certain portions of the parties' settlement have been completed but a payment of back pay to Plaintiff has not yet been made. The Joint Report states that Defendant "is currently

processing" this payment and that "this is often a lengthy process and requires review and approvals from several other state agencies…." (Doc. 28) at ¶ 2.

While the Court does not doubt the veracity of that representation, Defendant has already had months to complete this process. A previous joint status report (Doc. 24) filed on October 31, 2018 advised that Defendant had experienced some administrative delays in getting the agreement signed and implementing the terms of the agreement but that the parties had "discussed these delays and believe[d] that they ha[d] been resolved." Id. at ¶2. Even now, Defendant provides no deadline by which the payment of back pay will be made and the settlement will be completed.

The parties are free to resolve Plaintiff's claims as they see fit, but the case cannot be allowed to languish indefinitely on the docket, remaining "administratively open" yet inactive as the Joint Status Report (Doc. 28) requests. Accordingly, the Court will set a final deadline for the closing of this case of March 21. This time should be more than adequate given that the case was originally reported as settled in late September 2018.

**IT IS THEREFORE ORDERED THAT:**

1. The parties are **DIRECTED** to file a stipulation of dismissal or other closing document on or before March 21, 2019.

2. Failure to make such a filing will result in the dismissal of this matter without prejudice. There will be no further extensions of this deadline.

Signed: February 21, 2019

W. Carleton Metcalf
United States Magistrate Judge